UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MICHAEL ANTHONY DE LOS SANTOS, § <br> § <br> Plaintiff, § <br> VS. § <br> § <br> BRENDA JEFFERSON, *et al*, § <br> § <br> Defendant. § | CIVIL ACTION NO. C-04-648 |

**MEMORANDUM AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO COMPLETE SERVICE AND TO DISMISS COMPLAINT WITHOUT PREJUDICE**

Plaintiff, proceeding *pro se*, filed this lawsuit on December 6, 2004, alleging that defendants violated rights secured by the United States Constitution (D.E. 1). 42 U.S.C. § 1983; *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). He seeks monetary damages arising out of his detention as a federal prisoner, in the Nueces County Jail, allegedly beyond his release date (D.E. 1).

On April 5, 2005, plaintiff sought a 30-day extension of time to complete service on defendants (D.E. 7). He was given 90 days (D.E. 8). To date no proof of service has been filed as to any of the 22 defendants in the action. On August 5, 2005, plaintiff requested a second extension of time (D.E. 11).

**APPLICABLE LAW**

A.   **Motion for Extension of Time**

Rule 4(m) of the Federal Rules of Civil Procedure requires that defendants in a federal lawsuit be served with the summons and complaint within 120 days of filing suit:

> (m) **Time Limit for Service**. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

Fed. R. Civ. P. 4(m). When good cause is shown in a request for extension of time, the district court *must* grant an extension. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). On the other hand, even where good cause does not exist, the district court has discretion to extend the time for service of process or to dismiss. *Id.* "Good cause" warranting extension of time for service means a valid reason for the delay, such as the defendant's evading service. *Coleman v. Milwaukee Bd. of School Directors*, 290 F.3d 932, 934 (7th Cir. 2002). Good cause requires a showing of at least as much as would be required to show excusable neglect. *Lindsey v. United States Railroad Retirement Board*, 101 F.3d 444, 446 (5th Cir. 1996); *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995).

In plaintiff's first request for an extension of time he pleaded that during the first ninety days the suit was pending, he was occupied with an unrelated lawsuit, and during the thirty following days he was sick with the flu. The fact that plaintiff chose to work on another lawsuit and ignore his duty to obtain service on defendants does not amount to good cause for a continuance. Nonetheless, plaintiff was granted an additional 90 days to complete service.

In plaintiff's second motion for an extension of time, again he pleads that he was busy with an unrelated case and he was ill. Once again, the fact that plaintiff chose to work on an

unrelated case instead of on the instant lawsuit does not amount to good cause for his failure to serve defendants. Moreover, plaintiff's unsworn declaration that he was ill, unaccompanied by a doctor's excuse, is insufficient to demonstrate that he was so ill as to render him completely unable to make efforts to complete service of process between April and August.

Finally, plaintiff claims he exercised good faith in attempting to locate and serve the defendants in spite of his illness. Plaintiff failed to describe any efforts he made to locate the defendants. Even in plaintiff experienced difficulties locating some of the defendants, he could not possibly have had difficulty locating all of them. The defendants sued include Larry Olivarez, the Nueces County Sheriff, the Bannum Place of Corpus Christi, a local half-way house, Kathleen Hawk Sawyer, the former director of the United States Bureau of Prisons, and the United States Bureau of Prisons. Plaintiff could not possibly have been unable to locate and serve Larry Olivarez, the current Sheriff of Nueces County, yet the record does not demonstrate that plaintiff attempted service on him. The Bannum Place of Corpus Christi is a local business, yet the record reflects no attempts at service and plaintiff describes none. As to Ms. Sawyer and the Bureau of Prisons, the requirement for service is clearly set forth in Fed. R. Civ. P. 4(i), and involves only correctly addressing certified mail forms to the correct addresses. Again the record does not even reflect attempted service. It is clear that plaintiff completely ignored his affirmative obligation to serve process in spite of being given 90 extra days to complete service of process, and plaintiff failed to demonstrate good cause to warrant a second extension of time. *Flory v. U.S.,* 79 F.3d 24, 25 (5th Cir. 1995). There also is no indication any defendant has

attempted to avoid service.  Plaintiff is not entitled to additional time to complete service of process..

Accordingly, it is respectfully recommended that plaintiff's second motion for an extension of time to complete service (D.E. 11) be denied.

**B.     Dismissal**

In light of plaintiff's failure to timely serve defendants, and failure to demonstrate good cause, *sua sponte* dismissal pursuant to Fed. R. Civ. P. 4(m) is recommended.

## RECOMMENDATION

Based upon the foregoing, it is respectfully recommended that plaintiff's second motion for an extension of time to complete service (D.E. 11) be denied, and that plaintiff's lawsuit be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

ORDERED this 10th day of August, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).